IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS M. SAVAGE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-827-MHT |
| | ) [WO] |
| | ) |
| D. T. MARSHALL, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed on September 15, 2006, by Thomas M. Savage ["Savage"], an inmate confined at the Montgomery County Detention Facility. Savage purports to challenge a recent conviction in the Circuit Court of Montgomery County for *theft of property*. Because it is clear from his own averments that Savage has failed to exhaust state remedies with respect to each asserted claim, the Magistrate Judge recommends dismissal without prejudice and prior to service of process.

**I.**

**DISCUSSION**

**A.**   **The Petition**

Designating the Montgomery County Sheriff, D.T. Marshall, a sheriff's deputy, Gina

M. Savage, and Alabama's Attorney General as defendants, Petitioner Savage – well known in this federal court as a frequent filer of frivolous lawsuits – purports to challenge a state conviction for "use of defense spray and theft of property." His stated basis for federal jurisdiction is labeled " ineffective assistance of counselor" and is "supported by" these alleged facts:

> The Circuit Court of Montgomery County, Alabama appointed Aimee C. Smith, as Attorney at Law, on the 8-22-06, to represent the Petitioner, but, it appears from the face of the State of Alabama's Affidavit, Warrant of Arrest, Complaint, Indictment, that the Attorney are acting in concert with the Deputy District Attorney, Thomas Fields, Chris Colee, Kevin Davidson, State of Alabama judge, William A. Shashy.

Savage admits that he has not pursued in the Montgomery County Circuit Court any proceedings to remedy either the appointment of his attorney or presumably his conviction barely a month ago; nor has he filed any direct appeal to a higher state court or otherwise exhausted any available state remedies for his alleged grievance.

    B.    **Controlloing Law**

The law is clear that a *petition for writ of habeas corpus* filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . ." 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available

in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The habeas petition demonstrates that Savage has not yet exhausted his available state court remedies with respect to the purported federal claims presented. The time allowed Savage to file a direct appeal of his conviction has not yet expired. Additionally, upon conclusion of the direct appeal process, Savage may file a state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.

This court does not deem it appropriate to rule on the merits of Savage's claims for relief without first requiring that the petitioner exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, a stay of this case is not warranted pending the outcome of Savage's state court proceedings as there is nothing before this court which indicates "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005).

## II.

### CONCLUSION

Accordingly, it is the **RECOMMENDATION of the Magistrate Judge** that the petition for habeas corpus relief be denied and that the petition be dismissed without prejudice to afford the petitioner an opportunity to exhaust all available state court remedies.

It is further

ORDERED that on or before October 3, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. WainSavage*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of September, 2006.

                                              **/s/ Delores R. Boyd**
                                              DELORES R. BOYD
                                              UNITED STATES MAGISTRATE JUDGE